FILED
CLERK

11:27 am, Mar 16, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DAMON C. BANNER,

                             Petitioner,

        -against-

SUPT. M. ROYCE,

                             Respondent.

-------------------------------------------------------------------X

**ORDER DISMISSING SUCCESSIVE PETITION FOR HABEAS CORPUS**

CV 20-0424 (GRB)

**GARY R. BROWN, United States District Judge:**

      Petitioner Damon C. Banner ("Petitioner" or "Banner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction pursuant to his guilty plea in the Supreme Court of the State of New York, County of Nassau (the "Nassau County Court").  However, this is not Petitioner's first habeas petition.  On June 24, 2016, Banner filed a petition for a writ of habeas corpus in the United States District Court, Eastern District of New York.  *Banner v. Griffin,* No. 16-CV-3675 (JFB).  In a decision dated January 31, 2017, then-District Judge Joseph F. Bianco granted Respondent's motion to dismiss the petition for a writ of habeas corpus and dismissed the petition.  *Banner v. Griffin,* No. 16-CV-3675 (JFB), 2017 WL 415857 (E.D.N.Y. Jan. 31, 2017).  Familiarity with Judge Bianco's decision, which is incorporated herein by reference is assumed, obviating the need for a lengthy recitation here.

      On January 27, 2020, Banner filed the instant second petition for a writ of habeas corpus. *Banner v. Royce,* No. 20-CV-0424 (GRB).  Because Petitioner is proceeding *pro se*, his

pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *see Boykin v. KeyCorp,* 521 F.3d 202, 214 (2d Cir. 2008), and are liberally construed "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted). "Nonetheless, a *pro se* [litigant] is not exempt from compliance with relevant rules of procedural and substantive law." *Gutierrez v. Capra,* No. 14-CV-6887 (KAM), 2019 WL 1508454, at *7 (E.D.N.Y. Apr. 5, 2019) (internal quotation marks and citations omitted). Banner's submissions are evaluated accordingly.

In the instant habeas petition, Petitioner challenges his conviction and sentence on the following grounds: (1) he was denied effective assistance of appellate counsel because counsel failed to advise him of his right to appeal to the Court of Appeals; (2) he was denied the right to be present at his resentencing; (3) his sentence was unconstitutional; and (4) he was denied a fair trial based upon purported bias and arbitrary and capricious decision-making by the trial judge. These grounds, by and large, constitute a reiteration of the claims brought before Judge Bianco.[1] Respondent moves to dismiss the petition, arguing, once again, that the petition is untimely. For the reasons that follow, the petition is dismissed for failure to comply with the requisites of 28 U.S.C. §2244(b)(3)(A).

## DISCUSSION

---

[1] In his earlier petition, Petitioner raised several grounds, to wit "(1) the police violated his Fourth Amendment right to be free from unreasonable searches and seizures; (2) he was denied a fair suppression hearing because his counsel was ineffective; (3) the trial court lacked jurisdiction to accept a plea on an offense that was not charged in the indictment; and (4) he was improperly resentenced in abstentia." *Banner v. Griffin,* No. 16-CV-3675 (JFB), 2017 WL 415857, at *1 (E.D.N.Y. Jan. 31, 2017). In addition, "[h]e also incorporate[d] by reference claims he raised in his application for a writ of error coram nobis with the New York Supreme Court, Appellate Division [including] that appellate counsel was ineffective for failing to seek leave to appeal to the Court of Appeals." *Id.*

Section 2244 of Title 28, United States Code, provides in relevant portion as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

Because the claims presented in the petition are identical or virtually identical to those presented in Petitioner's first petition, the analysis need not procced much further. But even assuming, *arguendo*, that one could find a claim that was not so presented, the Petitioner has to overcome a second hurdle:

> Under § 2244(b), the first step of analysis is to determine whether a "claim presented in a second or successive habeas corpus application" was also "presented in a prior application." If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions.

3

*Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Those two exceptions, of course, are (1) a new rule of constitutional law or (2) a claim based upon facts undiscoverable by Petitioner upon the exercise of due diligence and that would result in a showing upon clear and convincing evidence that the Petitioner could not have been found guilty absent constitutional error. 28 U.S.C.A. § 2244(b)(2).

Nothing of this nature has been raised here. Indeed, in the petition, Petitioner makes no reference to any legal or factual developments that have occurred since the filing of his prior petition. Even assuming that one or more claim could actually be construed as substantively different from those filed in the last application, these unfiled claims do not appear to fall within the narrow exceptions defined in the statute. But that determination is not before this Court: there is nothing in the record that suggests that Petitioner received authorization to proceed with a second petition from the Court of Appeals, dictating that this Court is not authorized to consider the instant petition. 28 U.S.C.A. § 2244(3)(A).

As the Second Circuit has held, the "AEDPA's authorization requirement applies to all second and successive habeas petitions." *Torres v. Senkowski,* 316 F.3d 147, 151 (2d Cir. 2003) (holding that "the district court should have transferred Torres's application to this Court, rather than deciding it on the merits."). The Circuit further held, as the statute itself provides, that "the authorization requirement is jurisdictional and therefore cannot be waived." *Id.* at 149. Therefore, this Court lacks jurisdiction to make any determinations on the merits of the petition.

## CONCLUSION

For the foregoing reasons, the petition is dismissed without prejudice to the filing of an application with the Second Circuit Court of Appeals for permission to file a second or

successive petition under 28 U.S.C.A. § 2244(b)(3)(A).  The Clerk of the Court is respectfully directed to enter judgment accordingly and close this case.  The Clerk of the Court is further directed to serve a copy of this Order Dismissing Successive Petition for Habeas Corpus upon *pro se* petitioner.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order Dismissing Successive Petition for Habeas Corpus would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Dated: Central Islip, New York
March 16, 2021

 /s/ Gary R. Brown_____
Gary R. Brown
United States District Judge